Saul D. Zabell, (SZ-2738)
Christopher K. Collotta (CC-6827)
**ZABELL & ASSOCIATES, P.C.**
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel. (631) 589-7242
Fax (631) 563-7475

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CAROLYN WORSLEY,** | **COMPLAINT** |
| Plaintiff, | |
| - against - | Index No.:06-CV-4783 (WHP) |
| **BRISTOL-MEYERS SQUIBB COMPANY,** | **ECF CASE** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, **CAROLYN WORSLEY**, by and through her attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

**I.   PRELIMINARY STATEMENT**

1.    Plaintiff brings this action to recover monetary damages and affirmative relief based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621 *et. seq.*, the New York State Human Rights Law, Executive Law § 290 (hereinafter "NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et. seq.* and other appropriate rules, regulations, statutes and ordinances.

## II.   JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 2000e-16(c), 29 U.S.C. § 206(d), and 28 U.S.C. §§ 1331 and 1337.  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred within this district.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ( hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of an order of dismissal dated March 23, 2006, a true and accurate copy of which is attached hereto as Exhibit "A".

## III.   PARTIES

6. Plaintiff, **CAROLYN WORSLEY**, was at all times relevant herein, a resident of the State of New York.

7. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f), 29 U.S.C. § 6309, NYSHRL § 292(1), and NYCHRL § 8-102(1).

8. At all times relevant herein, Plaintiff has been a "person" within the meaning of 42 U.S.C. § 2000e(a).

9.      Upon information and belief, Defendant **BRISTOL-MEYERS SQUIBB COMPANY** (hereinafter "Bristol-Meyers) is a foreign business corporation, authorized to conduct business within the State of New York at 245 Park Avenue, New York, New York 10154.

10.     Upon information and belief, the Bristol-Meyers is an "employer" within the meaning of 42 U.S.C. § 2000e (b)(1).

### IV.  STATEMENT OF FACTS

11.     Plaintiff repeats and realleges each and every allegation herein.

12.     Plaintiff is a 50 year old African-American female.

13.     Plaintiff commenced her employment with Bristol-Meyers in June 1986. Plaintiff's most recent job position was Senior Administrative Assistant.

14.     During the course of Plaintiff's employment with Bristol-Meyers, Plaintiff was discriminated on the basis of her race and age. Additionally, Plaintiff was denied equal terms and conditions of employment as compared with her Caucasian co-workers.

15.     In late 2004, Plaintiff's position was eliminated after the resignation of her former manager, Paul Karr, Vice President Financial Controller. Plaintiff's last day of employment with Defendant was April 11, 2005.

16.     Prior to Mr. Karr's resignation, Plaintiff performed all of the essential functions of her position in a more than satisfactory manner. In fact, Mr. Karr was so pleased with Plaintiff's performance, Plaintiff was assured that Mr. Karr would recommend Plaintiff to his replacement.

17.     Despite Mr. Karr's resignation, Plaintiff intended to remain an employee of Bristol-Meyers. In fact, Plaintiff's continued employment was of paramount importance as Plaintiff would become eligible for lifetime medical benefits once Plaintiff satisfied Defendant's "Rule of

70". In short, the "Rule of 70" provides lifetime medical benefits for employees whose age, when combined with tenure at Defendant equals or exceeds 70.

18. Upon the cessation of Mr. Karr's employment with Defendant, Plaintiff was shifted from one assignment to another as a "floater". During Plaintiff's time floating, Plaintiff was required to perform job tasks not commensurate with her experience or skill-set. Instead, Plaintiff was required to perform basic clerical functions (opening mail, answering telephone and photo-copying). During this time period, Plaintiff inquired about the possibility of performing more substantive job assignments and obtaining a permanent position.

19. Despite Plaintiff's requests, Plaintiff was afforded no such opportunities while younger, Caucasian employees were able to obtain permanent employment when faced with similar circumstances. For example, a Caucasian co-worker, Rita Donaghy, was given the opportunity to remain in her position when her manager resigned in 2002.

20. Additionally, Virginia Foley, a younger, Caucasian employee present employed at Bristol-Meyers is working without a designated manager and has been given the opportunity to float until a replacement manager is hired. Moreover, Josephine Liberti, a Caucasian female who worked for a VP on Defendant's executive floor, was transferred to another position and was told she could remain employed until 55 years of age in order to satisfy the "Rule of 70". In both instances, Plaintiff was afforded no such opportunities.

21. Plaintiff is also aware of Caucasian employees of Bristol-Meyers scheduled for termination who have been permitted to bridge their employment for purposes of satisfying Defendant's "Rule of 70" after threatening to advance claims of age discrimination.

22.     While employed as a floater from January though March 2005, Plaintiff interview for the following permanent job positions:

- A position in the treasury that was filled by a younger Caucasian female from outside the company;

- A position in Control and Compliance. This position was ultimately filed by Angeles Rivera, a younger employee;

- A position in Accounting Consolidations. The position was filled by a younger Caucasian employee who was a former flight attendant; and,

- A position in HR legal which was offered to a younger employee who had been previously displaced.

23.     Despite Plaintiff's clear qualifications for each of the aforementioned available positions, Plaintiff was not awarded a position with Defendant because of Plaintiff's race and age.

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
(Title VII - Race Discrimination)

24.     Plaintiff repeats and realleges each and every allegation herein.

25.     Plaintiff has been discriminated against by Defendant on the basis of her race in violation of Title VII, in that Defendants engaged in a course of conduct, as stated above, which collectively resulted in the termination of Plaintiff's employment.

26.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

27.      As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and

5

consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

28. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYSHRL - Race Discrimination)

29. Plaintiff repeats and realleges each and every allegation contained herein.

30. Plaintiff has been discriminated against by Defendant on the basis of her race in violation of NYSHRL, in that Defendant engaged in a course of conduct, as stated above which collectively resulted in the termination of Plaintiff's employment.

31. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

32. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
(NYCHRL - Race Discrimination)

33. Plaintiff repeats and realleges each and every allegation contained herein.

34. Plaintiff has been discriminated against by Defendant on the basis of her race in

violation of NYCHRL, in that Defendant engaged in a course of conduct, as stated above which collectively resulted in the termination of Plaintiff's employment.

35. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

36. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

37. Defendant's conduct was done in conscious disregard of Plaintiff's rights, therefore, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(ADEA- Age Discrimination)

38. Plaintiff repeats and realleges each and every allegation contained herein.

39. Plaintiff has been discriminated against by Defendant on the basis of her age in direct contravention of the ADEA, inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted in the termination of Plaintiff's employment.

40. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

41. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(NYSHRL - Age Discrimination)

42.	Plaintiff repeats and realleges each and every allegation contained herein.

43.	Plaintiff has been discriminated against by Defendant on the basis of her age in direct contravention of the NYSHRL, inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted in the termination of Plaintiff's employment.

44.	As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

45.	As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

46.	Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
(NYCHRL- Age Discrimination)

47.	Plaintiff repeats and realleges each and every allegation contained herein.

48.     Defendants have discriminated against Plaintiff on the basis of her age in violation of the NYCHRL, inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in the termination of Plaintiff's employment.

49.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

50.     As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, grade level increases, pension contributions, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

51.     Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

## VI.  DEMAND FOR JURY TRIAL

52.     Plaintiff repeats and realleges each and every allegation contained herein.

53.     Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment:

1.     Declaring Defendant violated the aforementioned statutes;

2.     On the First Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, pension contributions, and other employment benefits, in an amount to be determined at trial plus interest;

3.     On the Second Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, pension contributions, and other employment benefits, in an amount to be determined at trial plus interest;

4.     On the Third Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, pension contributions, and other employment benefits, in an amount to be determined at trial plus interest;

5.     On the Fourth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, pension contributions, and other employment benefits, in an amount to be determined at trial plus interest;

6.     On the Fifth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, pension contributions, and other employment benefits, in an amount to be determined at trial plus interest;

7.     On the Sixth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, pension contributions, and other employment benefits, in an amount to be determined at trial plus interest;

8.     An award of punitive damages where allowed by statute;

9.     With regard to all claims for relief, permanently enjoining Defendant from violating and continuing to violate the aforementioned statutes;

10.    With regard to all claims for relief, Defendant be ordered to pay Plaintiff pre and post judgment interest;

11.    With regard to all claims for relief, Defendant be ordered to pay the costs and disbursements of this action, including expert fees and disbursements and reasonable attorneys' fees; and

12. For such other and further relief as may be just and proper.

Dated: Bohemia, New York
       June 19, 2006

                                **ZABELL & ASSOCIATES, P.C.**

                              By: _____
                                  Saul D. Zabell, (SZ-2738)
                                  Christopher K. Collotta (CC-6827)
                                  4875 Sunrise Highway, Suite 300
                                  Bohemia, New York 11716
                                  (631) 589-7242